UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNEST CALVINO JR., <br><br> Plaintiff, <br><br> -against- <br><br> ADMINITRATION DE INSTITUTIONES JOVENILES, San Juan, Puerto Rico – Refer to D.A.; EMIZMAR ZAYA, Inmate Institutional; AZZARIA, INMATE; ORLANDO VEGAS, Capellan, <br><br> Defendants. | 20-CV-0724 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated January 31, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff brings this action using this Court's general complaint form. After checking the box to invoke the Court's federal question jurisdiction, he writes the following (in the section of the form in which he is asked to state which of his federal constitutional or federal statutory rights have been violated): "conspiracy of Difamation, conspiracy of scam, conspiracy of computer theft, conspiracy of torture, conspiracy trespasing, private property, conspiracy . . . Refer to D.A." (ECF No. 2, at 2.) Where asked to indicate the place(s) in which his claim occurred, he writes, "New York, Massachussets [sic]." (*Id*. at 5.)

Plaintiff alleges the following, verbatim:

> This people are from Puerto Rico. They are not my friends. I know they have to do with the electronic Extortion, sexual Harassment, Difamention[.] This people from this institution and related to the institution have came here to the U.S. for a reason that are not in best for my. This dundu Carlos have Difamate my in the past, the other dundu is not my friend and he expose is private body part to my, years ago the other dundu Emizmar is know but I don't know why, I saw him in 57 in a Grey Subaru the capellan Orlando claim to support and other said the same with audio electronic. Is not normal that all this people from the placed mention at beginning are here and I seening in places were, I alway go or whre, I am at. They probably are related to my mising busnesses and the conspiracy of Extortion, conspiracy of computer theft.

(*Id.* at 5-6.)

2

In the section of the form asking him to describe his injuries, Plaintiff writes: "stress, Gardnashment, obstruction of electronic communication, transpasing private property." (*Id.* at 6.) Where asked to describe the relief he is seeking, Plaintiff writes: "why this people are seen offten the mention before and more people related to that place, why they trying to get in my private life. why they saing the thing they saing, Returnd, transfer and Deliver my stuff if they have my stuff, because they not supose to." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY

Plaintiff has filed 96 actions in this Court from December 17, 2019, through January 31, 2020. More than 70 of these actions have been dismissed as frivolous, and Plaintiff has been warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission. *See, e.g., Calvino v. Mass. Courts,* ECF 1:20-CV-0728, 4 (S.D.N.Y. Jan. 31, 2020); *Calvino v. Bank of America,* ECF 1:20-CV-0650, 3 (S.D.N.Y. Jan. 24, 2020); *Calvino v. Armany,* ECF 1:20-CV-0387, 3 (S.D.N.Y. Jan. 17, 2020)*; Calvino v. Hadid,* ECF 1:20-CV-0138, 4 (S.D.N.Y. Jan. 9,

2020); *Calvino v. Little Wane Father*, ECF 1:20-CV-0134, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sanchez*, ECF 1:20-CV-0065, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sportefy Inc.*, ECF 1:19-CV-11956, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Cirino*, ECF 1:19-CV-11953, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v All the women that sue me Int'l and Nat'l*, ECF 1:19-CV-11914, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Salad*, ECF 1:19-CV-11827, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Trainor*, ECF 1:19-CV-11668, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Internal Affe*, ECF 1:19-CV-11611, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Anneka C.*, ECF 1:19-CV-11610, 3 (S.D.N.Y. Dec. 23, 2019).

By order dated January 10, 2020, the Court directed Plaintiff to show cause why he should not be barred as of January 10, 2020, from filing any further IFP actions in this Court without first obtaining this Court's permission. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (Jan. 10, 2020). To date, Plaintiff has not responded to the Court's January 10, 2020 order. A review of this Court's records, however, reveals that Plaintiff has filed 52 actions, of the total 96 actions Plaintiff has filed, after the Court's January 10, 2020 order.

Because of Plaintiff's well-documented, repeated, abusive, bad-faith, and vexatious litigation in this Court and the Court's need to deter further abuse, on January 31, 2020, the Court directed Plaintiff to show cause in writing, within ten days of the date of that order, why the Court should not impose filing restrictions upon him. *See Calvino v. D.E.A.*, ECF 1:20-CV-0649, 4 (S.D.N.Y. Jan. 31, 2020).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

4

Plaintiff remains warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 4, 2020
       New York, New York

                                                 COLLEEN McMAHON
                                       Chief United States District Judge